Louis J. HARCEG, Gilbert Farrow, William J. Alter, Donald E. Mason, Jr., John M. Jansky, Kenneth E. Maicke, Corporal Ralph E. Connard, Corporal Thomas W. Gardner, Corporal Stanley F. Iwan, Lieutenant James A. McGarvie, Jr., Stephen L. Bjorkquist, Jimmy W. Bryant, Charles Heinzelmann, Gregory H. Guntharp, Robert J. Schenck, Charles Chostner, Andrew J. Gradowski, Lieutenant Emerson R. Krapf, Corporal Chester Iwan, Corporal Terrance Cashmore, Steve M. Semenek, Daniel J. Dunn, Bruce A. Scottberg, Richard Mulder, Richard J. Haynesworth, Charles J. Muttshall, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

Thomas BROWN, Individually, and as Sheriff of Lake County, The County of Lake and Donald Krok as the Chairman of the Lake County Sheriff's Office Merit Commission, Defendants.

No. 80 C 6906.

United States District Court, N.D. Illinois, E.D.

Oct. 23, 1984.

See also D.C., 512 F.Supp. 788.

Louis S. Goldstein, Louis S. Goldstein & Assoc., Chicago, Ill., for plaintiffs.

Shayle P. Fox, Jeffrey A. Colby, Fox & Grove, Chartered, Chicago, Ill., for Brown.

Gail Tuler Friedman, State's Atty. of Lake County, Waukegan, Ill., for Lake County and Krok.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This civil rights action was filed in December 1980 by twenty-eight Lake County, Illinois, deputy sheriffs on behalf of themselves and others similarly situated seeking declaratory, injunctive and monetary relief on the ground that Lake County Sheriff Thomas Brown ("Brown") had allegedly harassed and intimidated them for political reasons. The case was resolved by the entry of consent decrees between plaintiffs and each of the defendants on October 26, 1981. The consent decree entered into between plaintiffs and Sheriff Brown establishes, among other things, a grievance and

arbitration procedure designed to resolve all disputes that arise out of personnel decisions made by the Sheriff which affect the deputy sheriffs. The decree also provides that this Court retains jurisdiction over the case for the purpose of determining the costs and attorney's fees to be awarded and to enforce the decree or punish any violations of its provisions.

Presently before the Court are two motions arising from this action. First, fifteen Lake County deputy sheriffs seek an order compelling arbitration of their compensation grievance, according to the terms of the consent decree. Second, Brown's counsel has filed a supplemental petition for attorney's fees and expenses.

## I.

On September 23, 1983, the deputy sheriffs ("grievants") filed identical grievances with the Lake County Sheriff's Department Grievance Committee, alleging that they were paid less than other deputies who did substantially similar work. The Grievance Committee, which was established under the consent decree with Sheriff Brown, granted the grievance on October 6, 1983. Sheriff Robert Babcox ("Babcox"), Brown's successor, then filed a demand for arbitration. Babcox contended in this demand not only that the grievance was without merit, but also that the grievance had been improperly brought against him rather than against Lake County. An arbitrator, after conducting an extensive evidentiary hearing and considering the parties' post-hearing briefs, decided on April 10, 1984, that the matters raised in the grievance were beyond the scope of the consent decree. He reasoned that because the underlying lawsuit that led to the consent decree was based on 42 U.S.C. § 1983, the Grievance Committee could only consider matters involving all the elements of a Section 1983 cause of action. The arbitrator noted that the grievants do not allege that they have been deproved of any federal constitutional or statutory right, and he therefore ruled

that neither he nor the Grievance Committee had jurisdiction to consider the grievance and that the Committee's decision must be reversed.

The grievants object strongly to the arbitrator's limiting the grievance and arbitration procedure to matters actionable under Section 1983.[1] They argue that the consent decree clearly provides for a broadly based procedure that applies to *all* personnel decisions. Indeed, the decree establishes a grievance process "to resolve all disputes or differences which arise out of or in connection with any personnel decision made by the Sheriff ... which affect any Deputy Sheriffs...." The term personnel decision is defined as "any decision by the 'Sheriff' with respect to all aspects of the employment of any Deputy Sheriff, including, but not limited to the firing, layoff, promotion, demotion, training, compensation, job assignments, transfer, employment benefits, suspension, reprimand, censure, and any other form of discipline." The grievants contend that the arbitrator erred in restricting grievable matters to claims of federal civil rights violations and ask this Court to remand this matter to the arbitrator with an order to determine the merits of the grievance.

■ We conclude that the arbitrator correctly found that he and the Grievance Committee were without jurisdiction to consider the present grievance; but we need not determine whether in this instance the arbitrator incorrectly limited the scope of the grievance procedure to Section 1983 causes of action, since the grievance and arbitration procedure is clearly limited to personnel decisions made by the Sheriff. Babcox and Lake County both argue that it is the County Board, not the Sheriff, which establishes all County job classifications and pay scales and which administers the County Pay Plan. Their contention is supported by the recent decision of the Illinois Appellate Court in *County of Will v. Local 1028, Will County Employees Union*, 79 Ill.App.3d 290, 34 Ill.Dec. 464, 398 N.E.2d

---

**1.** Some of the original plaintiffs in this action have also filed a petition objecting to this aspect

of the arbitrator's decision.

139 (3d Dist.1979), which discussed the salaries of all county employees. The court stated that

> it is only the County Board which can set the wages for County employees. (Ill. Rev.Stat.1973, ch. 34, pars. 2101–2107.) Those statutory provisions place in the County Board's hands budgetary decisions which encompass the decision as to County employee salaries.... That is, the fixing of County employees salaries is the sole, nondelegable duty of the County Board, which derives its authority and duty from the legislative mandate that the County adopt a budget. As the Board's sole duty and responsibility, it may not delegate such duty and responsibility to another. If it were to do so, it would be an illegal delegation and without effect.

79 Ill.App.3d at 296–297, 34 Ill.Dec. at 468–469, 398 N.E.2d at 143–144 (citations omitted). Thus, any complaint which the grievants may now have concerning inequitable pay appears to lie with the County Board rather than with Sheriff Babcox.

Accordingly, for the reasons stated herein, we affirm the arbitrator's decision that he and the Grievance Committee lacked jurisdiction to hear this particular grievance. The grievants' motion for an order compelling arbitration is therefore denied.

## II.

The second motion is the amended supplemental petition for attorney's fees filed by Shayle P. Fox and Jeffrey A. Colby ("movants") of Fox and Grove, Chartered, court-appointed Special State's Attorneys for Sheriff Brown.[2] In this petition, movants seek legal fees for work performed in three distinct periods: December 3, 1981 through January 19, 1982; October 1983; and April and May of 1984. Lake County opposes this motion, offering several reasons why movants should not recover any additional costs and fees.

■ First, Lake County argues that many of the billable hours itemized for late 1981 and early 1982 relate to the issue of attorney's fees—an issue for which this Court has ruled that movants already have been sufficiently compensated. Indeed, in a memorandum opinion and order dated February 26, 1982, this Court awarded movants $48,453.59 in attorney's fees and costs. *Harceg v. Brown*, 536 F.Supp. 125, 135–36 (N.D.Ill.1982). Included in this amount was an allowance for 12 hours of attorney's fees attributable to the preparation and support of movants' fee petition, the maximum amount of attorney's time we decided was necessary for this task. *Id.* at 136. As Lake County points out, at least 11.75 of the 24.25 hours itemized for the 1981–1982 period in movants' supplemental petition relate to attorney's fees. These hours will not be reimbursed.

■ Lake County contends that the remaining costs and fees sought for late 1981 and early 1982 should be denied for additional reasons: there were no issues requiring movants to do any work after November 2, 1981; the fees should have been billed almost three years ago, when former Sheriff Brown could have verified the time and services, rather than now; and the time sheets do not contain enough detail, especially given the length of time that has elapsed. We agree. Movants have offered no good reason for their failure to seek these fees in early 1982, either with the fees the Court awarded them on February 26, 1982, or shortly thereafter. Moreover, it is far from clear that movants performed any services in this period which were required by their representation of Brown and were not compensated by the Court's fee award of over $48,000.

■ Lake County offers a different reason why movants should not recover fees for the October 1983 and April-May 1984 periods. Brown was replaced by Sheriff Babcox in December of 1982 and movants were appointed to represent only Brown, not his successor. We agree with Lake

---

**2.** Movants initially filed a supplemental petition seeking almost twice as much money, but they amended that petition after realizing that it contained "several bookkeeping errors."

County that there was no need for movants to perform any work after Babcox took office, so they will not be awarded any fees for the periods in late 1983 and early 1984.[3]

We have previously awarded movants $48,453.59 in attorney's fees and costs, which we determined had adequately compensated them for their work in this case. Although they now seek additional fees, we believe movants were paid sufficiently for all their services by our initial award.

Accordingly, movants' amended supplemental petition for attorney's fees is denied in its entirety. It is so ordered.

---

3. Lake County also asserts that movants accepted the County's "final payment" for legal services on March 28, 1983. If anything, this strengthens Lake County's argument that movants may not now collect legal fees for later work in 1983 and 1984.